GEORGE H. FOWLER v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Parties—Discontinuance of suit.*

After the seizure by a first mortgagee of the mortgaged property, third mortgagees agreed with a second mortgagee to advance the expenses and foreclose the second mortgage, the net proceeds to be divided equally between them. The third mortgagees employed an agent to seize the property under the second mortgage, which he did, and it was replevied by the first mortgagee, the second mortgagee and the agent being made defendants. An arrangement was afterwards made between the second mortgagee and the first mortgagee by which the property was surrendered to the second mortgagee,

and the replevin suit was to be discontinued, without costs.
On the hearing of a motion by the first mortgagee for leave
to discontinue the suit, the circuit judge found that the first
mortgagee and his bondsmen dealt with the second mortgagee
in good faith, being unaware of the connection of the third
mortgagees with the foreclosure of the second mortgage. And
it is held that, the agent, who was not consulted as to the pro-
posed discontinuance of the suit, being liable for costs and
damages in case of defeat in the replevin suit, and being
entitled to his costs in case he should succeed therein, the
second mortgagee had no authority to stipulate a discontinu-
ance and release of the plaintiff's sureties, and thereby bind
the agent, nor could the question of the interests of the third
mortgagees in the property be thus summarily disposed of.

*Mandamus.*    Argued April 2, 1895.    Granted April
16, 1895.

Relator applied for *mandamus* to compel respondent
to vacate an order discontinuing an action of replevin.
The facts are stated in the opinion.

*James H. Pound,* for relator.

*John Atkinson,* for respondent.

HOOKER, J.    William H. Saunders gave mortgages
upon personal property in the following order: (1) to
George W. Saunders; (2) to John J. Closs; (3) to Hincks
& Johnson.    George W. Saunders took possession under
his mortgage.    Hincks & Johnson then agreed with
Closs to advance the expenses and foreclose the Closs
mortgage, the net proceeds, after paying for foreclos-
ure, to be divided equally.    Hincks & Johnson thereupon
hired Fowler to seize the property under the Closs mort-
gage, which he did.    George W. Saunders thereupon
brought replevin, making Closs and Fowler defendants.
An arrangement was thereafter made between Closs
and Saunders by which the property was surrendered
to Closs, and Saunders was to discontinue his action,
without costs.    Upon his motion for leave to discon-

tinue, affidavits *pro* and *con* were received, and the motion was granted. The circuit judge seems to have found that Saunders and his bondsmen dealt with Closs in good faith, being unaware of Hincks & Johnson's connection with the foreclosure of the Closs mortgage.

Fowler was a defendant, and does not seem to have been consulted. He was liable for costs and damages in case of defeat in the replevin case. He was entitled to his costs in case he should win. Closs had no authority to stipulate a discontinuance and release of the sureties, and thereby bind Fowler. Again, Hincks & Johnson were foreclosing, in the name of Closs, for their mutual benefit. Fowler was their agent, and contends that his principals had rights to and an interest in the property as against Closs. We think that the circuit court could not summarily dispose of these questions upon this motion. The relator had a right to have his interest determined judicially in the replevin case, and judgment in accordance with such determination.

Writ granted.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.