## CHAPELLE v. WEBSTER.

1. Replevin—Service—Sufficiency of Copy of Writ.
    Under 3 Comp. Laws 1897, § 10659, requiring the officer to summon defendant in replevin by delivering to him a "cer tified copy" of the writ, service by delivery of a copy which omits the name of the justice in the place for his signature is irregular, and, on failure of plaintiff to remedy the defect, the proceedings should be dismissed.

2. Same—Alias Writ—Procedure in Justice's Court.
    Whether a justice of the peace is authorized to issue an *alias* writ of replevin for the sole purpose of remedying a defect in the service,—*quære*.

Error to Chippewa; Steere, J. Submitted November 17, 1899. Decided December 21, 1899.

Replevin by Louis Chapelle against William Webster. From a judgment for defendant, plaintiff brings error. Affirmed.

*John A. Steinlein*, for appellant.

*John P. Conrick*, for appellee.

Hooker, J. A writ of replevin issued by a justice of the peace was executed by seizing the property described therein, and serving upon the defendant a paper which,

but for the omission of the justice in the place for his signature, was a true copy of the writ. Upon the return day the defendant appeared specially, and moved that the proceedings be dismissed, and that damages be assessed in his favor, upon the ground that the justice did not acquire jurisdiction. The motion was based upon an affidavit of the defendant, to which was appended the defective copy. Upon the face of this copy the following certificate was indorsed:

"In Justice Court.
"Before Alexander Gurnoe, Justice of the Peace in and for Chippewa County.
"Louis Chapelle )
vs.               }  .
William Webster. )
"Writ of Replevin.
" I do hereby certify that the within is a true and correct copy of the original writ to me directed and delivered, and now in my hands for service.
                    "Thomas E. Dixon, Constable.
"Filed May 22, 1899.
          "Alexander Gurnoe,
                    "Justice of the Peace."

The motion was denied, and the defendant took no part in the subsequent proceedings before the justice. Judgment being rendered for the plaintiff, a special appeal was taken by the defendant to the circuit court, where the judgment of the justice was reversed, and the plaintiff has brought the case to this court by writ of error.

The service, not conforming to the statute (3 Comp. Laws 1897, § 10659), was irregular, and the justice should not have proceeded to try the cause, and render judgment, against the defendant's motion. Unless the plaintiff chose to remedy the defect, as suggested in *People* v. *Mecosta Circuit Judge*, 26 Mich. 414, and *Anderson* v. *Lenawee Circuit Judge*, 105 Mich. 90 (if such procedure was competent before a justice of the peace,— a question which has not arisen; but see Tiff. Justices' Guide [How. 5th Ed.], 105), the motion should have been granted.

*Griffin* v. *McGavin*, 117 Mich. 372. As no attempt was made to remedy the defect in the proceedings, the judgment was irregular, and the learned circuit judge had no alternative but to reverse it.

The judgment is affirmed.

The other Justices concurred.